UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Futsi,                          Plaintiff,        vs.   Wells Fargo Bank, N.A.; National Default Servicing Corporation; Wachovia Mortgage, FSB; LSI Title Agency, Inc.,                          Defendants. | Case No.: 2:12-cv-01815-GMN-VCF   **ORDER** |

This action, filed by Plaintiff Robert Futsi, arises out of the foreclosure proceedings initiated against the property located at 993 Upper Meadows Pl, Henderson, NV, 89052, APN 178-31-215-009 ("the property"). Before the Court is the Motion to Dismiss (ECF No. 17) filed by Defendant National Default Servicing Corporation, joined by Defendant LSI Title Agency, Inc. (ECF No. 20), as well as the Motion to Dismiss (ECF No. 21) filed by Defendant Wells Fargo Bank, N.A., also joined by Defendant LSI Title Agency, Inc. (ECF No. 23). Plaintiff filed an Opposition (ECF No. 22) to both motions. Defendant National Default Servicing Corporation filed a Reply (ECF No. 27), and Defendant Wells Fargo filed a Reply (ECF No. 29). Also before the Court are Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 25) and Motion for Preliminary Injunction (ECF No. 26). Defendant Wells Fargo filed a Response (ECF No. 28) to Plaintiff's Emergency Motion for Temporary Restraining Order.

I.  **BACKGROUND**

On October 17, 2012, Plaintiff filed his Complaint (ECF No. 1) before this Court, alleging three causes of action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), LSI Title Agency, Inc. ("LSI Title"), National Default Servicing Corporation ("NDSC"), and

1  Wachovia Mortgage, FSB ("Wachovia") (collectively, "Defendants").  Plaintiff's causes of
2  action are: (1) Quiet Title; (2) Declaratory Relief for Lack of Standing to Pursue NRS 107
3  Remedies; and (3) Injunctive Relief against National Default Servicing Corporation. (*Id*.)
4  　　　　In 2005, Plaintiff obtained a loan from World Savings Bank, FSB, as beneficiary, which
5  was secured by a deed of trust on the property. (Ex. 1 to Pl.'s Opp. to Mot. to Dismiss, ECF No.
6  22.)  The Deed of Trust named Golden West Savings Association Service Co. as Trustee. (*Id*.)
7  On February 18, 2009, Plaintiff apparently transferred the property to an LLC by recording a
8  Deed of Trust. (*Id*. at Ex. 3.)
9  　　　　The Notice of Default was filed on behalf of the beneficiary on January 11, 2011 by
10 Defendant LSI Title as agent for NDSC, who was named as agent for Wachovia. (*Id*. at Ex. 2.)
11 A Substitution of Trustee was signed on March 28, 2011, and recorded on April 19, 2011,
12 referring to Wells Fargo as the present beneficiary and naming NDSC as Trustee and agent for
13 Wells Fargo. (*Id*. at Ex. 4.)  A Certificate from the State of Nevada Foreclosure Mediation
14 Program ("FMP") was signed by the FMP and recorded by NDSC on April 19, 2011, indicating
15 that the property was a non-applicable property and that the beneficiary may proceed with the
16 foreclosure process. (*Id*. at Ex. 5.)  NDSC recorded a Notice of Trustee's Sale on August 23,
17 2012. (*Id*. at Ex. 6.)  Plaintiff does not allege that he is current in his mortgage payments.
18 　　　　Plaintiff alleges that the Notice of Default and Substitution of Trustee were filed in
19 violation of Nevada foreclosure statutes because there was no public record in Clark County
20 that Wachovia or Wells Fargo was the beneficiary at the time. (ECF Nos. 1, 22.)  In its Motion
21 to Dismiss, Wells Fargo requests judicial notice of documents that set forth a chain of transfer
22 to Wachovia and Wells Fargo that was complete by 2009. (Exs. A-C to Mot. to Dismiss, ECF
23 No. 22.)  As discussed below, since Plaintiff also appears to accept their accuracy, the Court
24 takes judicial notice of these documents. (*See* Pl.'s Opp. to Mot. to Dismiss, 11:9-20.)
25 　　　　Referring to the Certification of Foreclosure Mediation, Plaintiff alleges that "NDSC

wrongfully withheld the property from the foreclosure mediation program." (Compl., 2:¶13.) In his opposition to the motions to dismiss, Plaintiff argues that his transfer of the property to an LLC in February 2009 does not disqualify him from eligibility for the foreclosure mediation program, since he alleges he was the full owner of the LLC, and that he occupied the house on the property as his primary residence. (Pl.'s Opp. to Mot. to Dismiss, ECF No. 22.)

## II. DISCUSSION

### A. Judicial Notice

#### 1. Legal Standard

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Also, a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute where it is generally known in the court's jurisdiction or the fact can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)-(c). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

#### 2. Analysis

In its Motion to Dismiss, Wells Fargo requests judicial notice of documents that set forth a chain of transfer to Wachovia and Wells Fargo that was complete by 2009. (Exs. A-C to Mot. to Dismiss, ECF No. 22.)  Wells Fargo submits a copy of the Federal Deposit Insurance Corporation record search for World Savings Bank, FSB's institutional history, a copy of a letter from the Comptroller of the Currency, and a copy of Wachovia Mortgage, FSB's charter. (*Id.*)

Plaintiff appears to accept the accuracy of Wells Fargo's documents. (*See* Pl.'s Opp. to Mot. to Dismiss, 11:9-20, ECF No. 22.)  Plaintiff also submits documents recorded in Clark County relating to the property. (*Id.*)  Because the accuracy of these documents does not appear to be subject to reasonable dispute, the Court takes judicial notice of these documents.

**B.**     **Motion to Dismiss**

**1.**     **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

*Twombly*, 550 U.S. at 555) (emphasis added).

**2.   Analysis**

In his first cause of action for quiet title, Plaintiff alleges that Defendants "LSI Title and NDSC have not recorded or provided proof of agency of a party authorized to enforce the deed of trust." (Compl., 3:¶18.)  In his second cause of action for declaratory relief pursuant to NRS 30.040 and NRS 30.050, Plaintiff alleges that Defendants have no right to exercise the powers enumerated in Chapter 107 of the Nevada Revised Statutes. (*Id*.)

In his third cause of action, Plaintiff requests injunctive relief against NDSC on the basis that NDSC has no standing to foreclose under the deed of trust for the property or under Chapter 107 of the Nevada Revised Statutes.  Because this is a form of relief, not a cause of action, the Court will discuss this request along with Plaintiff's motions for temporary restraining order and preliminary injunction, below.

*(a) Quiet Title*

For a quiet title action, Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "Moreover, there is a presumption in favor of the record titleholder." *Id*.  Here, Plaintiff appears to acknowledge that the record titleholder of the property is the LLC that he created.  Plaintiff also does not allege that he is current in his mortgage payments.  Plaintiff's sole argument to support his quiet title claim is that LSI Title and NDSC did not record or prove their agency status on behalf of the beneficiary to the deed of trust at the time the Notice of Default was filed. (Compl., 3:¶18.)  However, Nevada statutes do not require proof of agency in order to foreclose. *See* Nev. Rev. Stat., Ch. 107.  The foreclosure statute as of January 2011 simply

required that the beneficiary authorize a Notice of Default to be filed with the county recorder. Nev. Rev. Stat. § 107.080.  Furthermore, as of January 2011, the statute requiring that a Substitution of Trustee be recorded in order to be effective was not yet enacted and effective. *See* Nev. Rev. Stat. § 107.028.  Therefore, the Court cannot find that Plaintiff has adequately plead a cause of action to quiet title in himself.  The Court will grant the motion to dismiss this cause of action.

*(b) Declaratory Relief*

Plaintiff's second cause of action for declaratory relief will also be dismissed by the Court for the reasons discussed above.  Under Nevada law, any person interested under a deed, or whose rights, status or other legal relations are affected by a statute, may have determined any question of construction or validity arising under that statute, and obtain a declaration of rights, status or other legal relations thereunder. Nev. Rev. Stat. § 30.040(1).

The Nevada Revised Statutes provide that a sale made pursuant to section 107.080 must be declared void if the trustee or other person authorized to make the sale does not substantially comply with the provisions of section 107.080 or any applicable provision of sections 107.086 and 107.087. Nev. Rev. Stat. § 107.080(5).

In his Complaint, Plaintiff alleges that "NDSC wrongfully withheld the property from the foreclosure mediation program." (Compl., 2:¶13.)  Although Plaintiff's Complaint is unclear, this allegation appears to invoke section 107.086 of the Nevada Revised Statutes, which imposes additional requirements relating to foreclosure mediation for sale of owner-occupied housing.  The Notice of Default was filed on January 11, 2011, and the FMP Certificate was signed by the FMP and recorded by NDSC on April 19, 2011, indicating that the property was a non-applicable property and that the beneficiary may proceed with the foreclosure process. (Exs. 2, 5, to Pl.'s Opp. to Mot. to Dismiss, ECF No. 22.)  Plaintiff argues that his transfer of the property to an LLC in February 2009 (*see id.* at Ex. 3) did not disqualify

him from eligibility for the foreclosure mediation program, since he alleges he remained the full owner of the LLC, and that he continued to occupy the house on the property as his primary residence. (*Id*. at 10-11.)  As Defendant Wells Fargo points out in its Reply (ECF No. 29), there is nothing in section 107.086 to indicate that the statutory definition of "owner-occupied housing" includes a property owned by an LLC.  Likewise, the Court finds no case law to support such an argument, nor does Plaintiff cite any such case law.  Accordingly, this claim will be dismissed.

Plaintiff cites to *Lopez v. Wells Fargo Bank, NA*, 3:11-cv-00740-RCJ-WGC, 2011 WL 6936345 (D. Nev. Dec. 30, 2011) to support his claims that the foreclosure was defective based on Defendants' failure to publicly record the Substitution of Trustee or proof of agency.  In *Lopez*, the court granted a motion to remand, finding that two of the defendants were Nevada corporations, therefore destroying complete diversity. (*Id.*)  The court also granted the plaintiffs' motion for temporary restraining order, finding that they had demonstrated a likelihood of success on the merits. (*Id*.)  As Defendants point out, the *Lopez* order is unpublished and is not binding upon the Court.  The Court does not find the *Lopez* facts and reasoning to be applicable here, particularly since Defendants were not required by Nevada statute to publicly record the Substitution of Trustee or proof of agency before filing the Notice of Default, as discussed above.  Therefore the Court is unpersuaded by Plaintiff's citation to *Lopez*.

Here, Plaintiff has failed to plead facts showing that a violation is plausible, not just possible, and has therefore failed to satisfy the pleading standard to survive a motion to dismiss.  Accordingly, the motions to dismiss will be granted.

*(c) Leave to Amend*

The Court must also decide whether to grant leave to amend, and courts are directed to "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the

part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Here, the Court cannot identify any basis on which to find that Plaintiff can cure the deficiencies of the complaint by amendment. Therefore, the Court finds that any amendment would therefore be futile. Accordingly, the Court will grant the motions to dismiss, and will dismiss Plaintiff's Complaint with prejudice.

### C. Temporary Restraining Order and Preliminary Injunction

#### 1. Legal Standard

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the

plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### 2. Analysis

As discussed above by the Court, Plaintiff has failed to satisfy the pleading standards to survive Defendants' motions to dismiss. The Court also finds that Plaintiff has failed to meet his burden to establish a likelihood of success on the merits. Likewise, although the Court could possibly find that Plaintiff has established a hardship balance that tips sharply towards himself, and a likelihood of irreparable harm in the absence of preliminary relief, the Court cannot find that Plaintiff has met his burden to establish "serious questions going to the merits." Therefore, the Court must deny Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 25) and Motion for Preliminary Injunction (ECF No. 26).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 25) and Motion for Preliminary Injunction (ECF No. 26) are **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 17) filed by Defendant National Default Servicing Corporation, and the Motion to Dismiss (ECF No. 21) filed by Defendant Wells Fargo are **GRANTED.** Plaintiff's Complaint is dismissed as to all Defendants, with prejudice. The Clerk shall enter judgment accordingly.

**DATED** this 30th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge